**WASCO PRODUCTS, INC.,**
Plaintiff–Appellant,

v.

**SOUTHWALL TECHNOLOGIES, INC.;**
Bostik, Inc., Defendants–Appellees.

No. 04–15171.

D.C. No. CV–02–02926–SBA.

United States Court of Appeals,
Ninth Circuit.

Argued & Submitted Oct. 18, 2005.

Decided Jan. 13, 2006.

T. Scott Tate, Law Offices of T. Scott Tate, San Francisco, CA, for Plaintiff–Appellant.

Jeffrey A. Leon, Esq., Leon & Leon, Oakland, CA, Sarah Chapin–Columbia, Choate, Hall & Stewart, Boston, MA, David R. Scheidemantle, Esq., Proskauer Rose LLP, Los Angeles, CA, for Defendants–Appellees.

Before WALLACE, TROTT, and RYMER, Circuit Judges.

MEMORANDUM *

Wasco Products, Inc. (Wasco) appeals from the summary judgment based upon

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the economic loss doctrine and the applicable statutes of limitations. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

## I.

■ We first turn to the standing issues raised by Bostik, Inc. (Bostik) and Southwall Technologies, Inc. (Southwall). Although these issues were never argued in the district court, standing may be raised for the first time on appeal. See Animal Prot. Inst. v. Hodel of Am., 860 F.2d 920, 923 (9th Cir.1988). Because of the lack of any current business relationship between the parties, there is no "immediate threat" to Wasco, see City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983), nor any likelihood Wasco "will be wronged again." See Hangarter v. Provident Life and Accident Ins. Co., 373 F.3d 998, 1021–22 (9th Cir.2004). Accordingly, we conclude that Wasco lacks standing to seek injunctive relief.

We reject Southwall's self-harm standing argument, however, because we conclude there is a genuine issue of material fact as to causation of the harm. See Cent. Delta Water Agency v. United States, 306 F.3d 938, 947 (9th Cir.2002).

## II.

■ We affirm dismissal of Wasco's tort claims on the basis of the economic loss doctrine and the district court's application of the statutes of limitations for the reasons stated by the district court. Wasco has raised four arguments on appeal for tolling the statute of limitations. We address each in turn.

Wasco's argument for equitable tolling is waived because Wasco failed to argue it on appeal. Although included in a subject heading, all of Wasco's arguments were applicable to equitable estoppel, not equitable tolling. Thus, this argument is waived. See Greenwood v. FAA, 28 F.3d 971, 977 (9th Cir.1994) ("We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim, particularly when, as here, a host of other issues are presented for review").

Wasco next argues that equitable estoppel prevents appellees from asserting the statutes of limitations. We review the district court's decision whether to apply the equitable estoppel doctrine for an abuse of discretion. See Santa Maria v. Pacific Bell, 202 F.3d 1170, 1176 (9th Cir.2000). There was significant evidence that the alleged statements of the appellees did not induce Wasco to delay filing suit and that Wasco did not rely on the statements. In particular, Robert Sampson, Wasco's designated technical expert, testified that he did not believe other defects were responsible for the elevated failure rate, that he was suspicious of the sealants at all times since 1995, and that he never believed that the sealant was not at least a potential cause of the elevated failure rate. Even viewing all disputed facts in a light most favorable to Wasco, the district court did not abuse its discretion in declining to apply equitable estoppel.

Wasco's third tolling argument, that a "civil conspiracy" tolls the statute of limitations, fails for the reasons stated in an accompanying opinion.

Finally, Wasco's argument that a "tolling agreement" extended the statute of limitations period is waived because it was never argued in the district court. Although stated in a statement of facts, it was never argued and never ruled upon. Without any proffered explanation for this default, the argument is waived. See Monetary II Ltd. P'ship v. Comm'r, 47

---

1. One of Wasco's arguments-that a civil conspiracy tolls the applicable statutes of limita-

tions—is addressed by an accompanying opinion.

F.3d 342, 347 (9th Cir.1995) ("As a general rule, an appellate court will not consider arguments which were not first raised before the district court, absent a showing of exceptional circumstances") (quotation marks and citation omitted).

Because the district court properly granted summary judgment against Wasco on all claims, its decision to deny Wasco's class certification motion as moot was also proper. Similarly, its decision to deny partial summary judgment on the unfair competition claims was correct because the statute of limitations barred the claims. AFFIRMED.